UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RICARDO IRIVE,

Petitioner,

v.

TIMOTHY FILSON, *et al.*,

Respondents.

Case No. 3:15-cv-00487-MMD-WGC

ORDER

**I.  INTRODUCTION**

In this habeas corpus action, on December 23, 2016, the petitioner, Ricardo Irive, filed an amended petition for writ of habeas corpus (ECF No. 30). The respondents then filed a motion to dismiss (ECF No. 32) on February 14, 2017. The parties have fully briefed the motion to dismiss, and it is before the Court for resolution. The Court will deny the motion to dismiss.

**II.  BACKGROUND**

Irive was convicted on August 27, 2010, following a jury trial in Nevada's Eighth Judicial District Court, in Clark County, of conspiracy to commit robbery and robbery with use of a deadly weapon. (*See* Judgment of Conviction, Exh. 13 (ECF No. 14-14).) (The exhibits referred to in this order are located in the record at ECF Nos. 14, 15 and 31.) He was sentenced, for the conspiracy to commit robbery, to 13 to 60 months in prison; for the robbery with use of a deadly weapon, he was sentenced to 72 to 180 months in prison and a consecutive 48 to 72 months in prison for the use of the deadly weapon, to run concurrently with the sentence for the conspiracy. (*See id.*)

Irive appealed, and the Nevada Supreme Court affirmed on November 18, 2011. (*See* Order of Affirmance, Exh.t 17 (ECF No.14-18).)

Irive then filed a petition for writ of habeas corpus in the state district court on September 6, 2012. (*See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 24 (ECF No. 14-25); Supplemental Memorandum of Points and Authorities in Support of Petition for Writ of Habeas Corpus, Exh. 31 (ECF Nos. 15-6, 15-7).) The state district court held an evidentiary hearing, and then denied the petition. (*See* Transcript of Evidentiary Hearing, March 6, 2014, Exh. 35 (ECF No. 15-11); Transcript of Hearing, April 7, 2014, Exh. 36 (ECF No. 15-12); Findings of Fact, Conclusions of Law and Order, Exh. 39 (ECF No. 15-15).) Irive appealed from that ruling and the Nevada Supreme Court affirmed on July 21, 2015. (*See* Order of Affirmance, Exh. 43 (ECF No. 15-19).)

On February 9, 2015, Irive filed a second state habeas petition. (*See* Second Petition for Writ of Habeas Corpus, Exh. 45 (ECF No. 15-21).) The state district court dismissed that petition, ruling it procedurally barred. (*See* Court Minutes, July 20, 2015, Exh. 48 (ECF No. 15-24); Findings of Fact, Conclusions of Law and Order, Exh. 49 (ECF No. 15-25).) There is no indication in the record that Irive appealed from the dismissal of his second state habeas petition.

This Court received Irive's original federal habeas petition, initiating this action, *pro se*, on September 23, 2015; in the petition, Irive represents, and respondents do not dispute, that he mailed the petition for filing on September 20, 2015. (*See* Petition for Writ of Habeas Corpus (ECF No. 6) at 1.)

Respondents filed a motion to dismiss Irive's original petition on December 3, 2015 (ECF No. 14). On May 4, 2016, the Court appointed counsel to represent Irive in this case, and denied that motion to dismiss, without prejudice, as moot. (*See* Order entered May 4, 2016 (ECF No. 22).)

With counsel, Irive then filed his amended petition for writ of habeas corpus (ECF No. 30), now the operative petition in this case, on December 23, 2016.

On February 14, 2017, respondents filed a motion to dismiss Irive's amended petition (ECF No. 32). Respondents asserted two arguments in their motion to dismiss: that Ground 1 of Irive's amended habeas petition is, in part, unexhausted in state court, and that Ground 2 of Irive's amended habeas petition is barred by the statute of limitations. Irive filed an opposition to the motion to dismiss on June 20, 2017 (ECF No. 35), and respondents filed a reply on June 27, 2017 (ECF No. 36). In their reply, respondents withdraw their argument that Ground 1 is partially unexhausted. (*See* Reply to Opposition to Motion to Dismiss (ECF No. 36) at 3.) Respondents' motion to dismiss, therefore, raises one issue: whether Ground 2 of Irive's amended habeas petition is barred by the statute of limitations.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, imposed a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state-court convictions or sentences:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review." 28 U.S.C. § 2244(d)(1)(A). The period of direct review includes the ninety days after the state court enters its judgment, within which the petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). In this case, the limitations period began to run on February 16, 2012, ninety days after the Nevada Supreme Court affirmed Irive's conviction on November 18, 2011.

The limitations period is tolled while a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). Irive filed his timely first state habeas petition on September 6, 2012. (*See* Petition for Writ of Habeas Corpus (Post Conviction), Exh. 24 (ECF No. 14-25). The pendency of that action tolled the AEDPA limitations period until July 21, 2015, when the Nevada Supreme Court affirmed the state district court's denial of relief. *See* Order of Affirmance, Exhibit 43 (ECF No. 15-19).

Irive then mailed his original federal habeas petition to this Court for filing on September 20, 2015. *See* Petition for Writ of Habeas Corpus (ECF No. 6), p. 1.

Therefore, before Irive filed his original petition in this case a total of 266 days ran against the statute of limitations: 204 days between February 16 and September 6, 2012, and 62 days between July 21 and September 20, 2015. That is less than the year allowed by the AEDPA statute of limitations. Irive's original petition in this case was timely.

However, Irive did not file his amended petition until December 23, 2016, some 15 months after he filed his original petition. AEDPA's statute of limitations is not tolled during the pendency of a federal habeas petition. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Therefore, Irive's amended petition was filed long after the expiration of the limitations period. Respondents argue, in their motion to dismiss, that Ground 2 is untimely because Irive asserted that claim for the first time in his untimely amended petition.

///

4

1   A habeas petition "may be amended or supplemented as provided in the rules of
2   procedure applicable to civil actions." 28 U.S.C. § 2242. Under Federal Rule of Civil
3   Procedure 15(c), a petitioner may include an otherwise untimely claim in an amended
4   habeas petition if it relates back to a claim in a timely-filed petition. Under Rule 15(c), a
5   claim in an amended petition relates back to a claim in a timely-filed petition if the claim
6   in the amended petition "arose out of the conduct, transaction, or occurrence set out" in
7   the previous petition. Fed. R. Civ. P. 15(c)(1)(B). As the Supreme Court explained in
8   *Mayle v. Felix*, 545 U.S. 644 (2005), Rule 15(c) permits relation back only when new
9   claims "arise from the same core facts as the timely filed claims, and not when the new
10  claims depend upon events separate in both time and type from the originally raised
11  episodes." *Mayle*, 545 U.S. at 657 (internal quotation marks omitted). The question,
12  then, is whether Ground 2 of Irive's amended petition shares "a common core of
13  operative facts" with a timely-filed claim in his original petition.

14  In Ground 2 of his amended petition, Irive claims that his conviction is
15  unconstitutional because there was insufficient evidence at trial to support the deadly
16  weapon enhancement. (*See* Amended Petition for Writ of Habeas Corpus (ECF No. 30)
17  at 17-21.) In Ground 4 of his original, *pro se*, petition, Irive asserted a claim of
18  ineffective assistance of counsel, in which he asserted that his counsel was ineffective
19  with respect to her defense against the deadly weapon enhancement. (*See* Petition for
20  Writ of Habeas Corpus (ECF No. 6) at 9-9F. In that claim, Irive discussed the evidence
21  at trial, and claimed that it did not support the deadly weapon enhancement. (*See id.*)
22  Ground 2 of Irive's amended petition and Ground 4 of his original petition arise from the
23  same core facts: the evidence at trial supporting the deadly weapon enhancement.
24  Therefore, Ground 2 relates back to Irive's original petition in this case and is not barred
25  by the statute of limitations.

**IV.    CONCLUSION**

It is therefore ordered that respondents' Motion to Dismiss (ECF No. 32) is denied.

1    It is further ordered that respondents are to file an answer, responding to the claims in the amended petition, on their merits, within ninety (90) days from the date of this order. In all other respects the schedule for further proceedings set forth in the order entered May 26, 2016 (ECF No. 24), remains in effect (60 days for reply). The Court will not look favorably upon any motion to extend this schedule.

Dated this 7th day of August 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE